UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LUCIUS R. ALLEN,                             CIVIL NO. 08-6366 (JNE/JSM)

    Plaintiff,

v.                                           REPORT AND
                                             RECOMMENDATION
KAREN JUSSILA,
et al.,

    Defendants.

JANIE S. MAYERON, United States Magistrate Judge.

The above matter came before the undersigned United States Magistrate Judge upon Defendant Karen Jussila's Motion to Dismiss, or in the Alternative, for Summary Judgment [Docket No. 21] and upon Plaintiff's Motion for Default Judgment Against Judy Ellerbusch for Failure to File an Answer to Allen's Complaint and, for Entry of Default [Docket No. 75]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(a).

I.  **JUSSILA'S MOTION TO DISMISS, ALTERNATIVELY FOR SUMMARY JUDGMENT [DOCKET NO. 21]**

    A.  **Factual Background**

Plaintiff Lucius R. Allen is currently a federal prisoner at the Federal Correctional Institution ("FCI-Memphis") in Memphis, Tennessee. From February 15, 2005 until October 3, 2007, Allen was incarcerated at Minnesota Correctional Facility in Oak Park

Heights, Minnesota ("MCF-Oak Park Heights") due to housing issues within the federal prison system. Declaration of Karen Jussila, ¶¶ 2, 11 [Docket No. 25]. On October 3, 2007, he was transferred out of MCF-Oak Park Heights and arrived at the United States Penitentiary in Coleman, Florida ("USP-Coleman") on November 20, 2007. <u>See</u> Complaint, p. 25; Jussila Decl., ¶ 11; Declaration of Alicia Vasquez, ¶ 10. On July 14, 2009, Allen was transferred to FCI-Memphis. <u>See</u> Motion/Request for Extension [Docket No. 40].

Allen brought the present suit against Dr. Michael B. Koeplin, John Agrimson, Kathy Reid, Dr. Stephen Craane, B.J. Helmaniak, Judy Ellerbusch, Barb Nelson, Officer Tagawa, Officer Teresa Jonk, Nanette Larson, Mark Thielen, Dr. Joshua B. Colton, Karen Jussila, and Warden Jessica Simms. Defendant Jussila is an employee of the Federal Bureau of Prisons ("BOP"), and the sole federal defendant in this action. Jussila Decl., ¶ 1.

Pursuant to 42 U.S.C. §1983, Allen alleged Eighth and Fourteenth Amendment violations. Allen suffered from hemorrhoids and his Complaint stems from the medical care he received while incarcerated at MCF-Oak Park Heights. Three claims can be discerned from the Complaint: first, Allen received inadequate medical treatment from defendants; second, Allen was transferred from MCF-Oak Park Heights to USP-Coleman in retaliation for filing grievances and for indicating that he planned to file a lawsuit; and third, MCF-Oak Park Heights did not send Allen's medical records to USP-Coleman and did not inform the Bureau of Prisons of his medical problems. Mem. in Support of Complaint, p. 25 [Docket No. 4].

2

Allen requested relief in the form of a declaratory judgment stating that the defendants violated the Eighth Amendment prohibition against cruel and unusual punishment and the due process clause of the Fourteenth Amendment, compensatory damages in the amount of $250,000 jointly and separately against all defendants, and punitive damages in the amount of $1,500,000 against each defendant. Mem. in Support of Complaint, pp. 27-28.

This action is being brought against Jussila in both her individual and official capacities. Complaint, ¶ 18.

In lieu of answering the Complaint, Jussila brought a motion to dismiss Allen's claims under Rule 12 of the Federal Rules of Civil Procedure, and in the alternative, a motion for summary judgment pursuant to Rule 56. [Docket No. 21]. Jussila made the following arguments: 1) Allen failed to exhaust his administrative remedies because he did not file any BOP Administrative Remedy Requests regarding the allegedly retaliatory transfer or the alleged failure to transfer the Allen's files to his new institution; 2) the Court lacks jurisdiction over Jussila in her official capacity; 3) the allegations in the Complaint against Jussila do not rise to the level of a constitutional violation; 4) the allegations regarding Allen's transfer from a state facility to a federal facility must be dismissed because the BOP has authority to determine where to house inmates; 5) the alleged lack of medical care does not amount to a violation of Allen's constitutional rights; 6) respondeat superior liability does not apply in a Bivens action; 7) Allen's claim that Jussila did not transfer his files is without merit; and 8) Jussila is entitled to qualified immunity. Jussila's Mem. in Support, pp. 3-26.

Jussila is mentioned only in connection with the claim of retaliatory transfer and the claim of failure to send Allen's medical records to USP-Coleman. Specifically, Allen makes only two allegations with respect to Jussila: Jussila assured him that he would not be transferred until his medical needs were addressed even though she felt he was on the verge of filing a lawsuit, and that Jussila subsequently assisted in the allegedly retaliatory transfer of Allen to another institution without his complete medical file. Mem. in Support of Complaint, pp. 25-26.

For the reasons articulated below, Allen has failed to exhaust his administrative remedies as required by the PLRA, and his suit against Jussila must be dismissed on that basis.[1]

### B. Standard of Review

#### 1. Rule 12(b)(6) Motion to Dismiss

A civil complaint will be dismissed upon motion by a defendant, if the plaintiff has failed to plead an actionable claim for relief against that defendant. Fed. R. Civ. P. 12(b)(6). To state an actionable claim for relief, a complaint must allege a set of

---

[1] Shortly before Allen filed his response to Jussila's motion, he filed a motion for leave to seek discovery. See Docket No. 74 (Motion for Leave to Seek Discovery). Consistent with that motion, in his response to Jussila's motion, Allen suggested that the Court should defer ruling on her motion until after he has had time to complete discovery. Plaintiff's Response to Jussila's Motion to Dismiss and/or Motion for Summary Judgment, p. 7, n.1. That request is denied. Contemporaneous with the filing of this Report and Recommendation, this Court issued its Order denying Allen's motion for leave to conduct discovery on grounds that the motion was not timely, and Allen had not established good cause for bringing the untimely motion, for failing to conduct discovery prior to the deadline for discovery, and for failing to show why, with diligence, he could not have pursued discovery prior to the discovery deadline. In any event, whatever discovery Allen claimed he needed has no bearing on the issue of whether he had exhausted the BOP's administrative remedies.

historical facts, which, if proven true, would entitle the plaintiff to some legal redress against the named defendants under some established legal theory.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id., at 557, 127 S.Ct. 1955 (brackets omitted).

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949(2009).

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

### 2. Summary Judgment

Summary judgment is proper when, drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The moving party bears the burden of showing that there are no genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If the moving party carries its burden, the nonmoving party must point to specific facts in the record that create a genuine issue for trial. Anderson, 477 U.S. at 256. The non-moving party must "substantiate his allegations with sufficient probative evidence that would permit a finding in [their] favor based on more than mere

5

speculation, conjecture, or fantasy." Wilson v. Int'l. Bus. Mach. Corp., 62 F.3d 237, 241 (8th Cir. 1995).

Here, both parties have submitted materials outside of the pleadings for consideration by the Court. See Docket No. 4-1 (Preliminary Statement and Memorandum in Support of Complaint with Exhibits 1-36; Docket No. 24 (Declaration of Alicia Vasquez); Docket No. 25 (Declaration of Karen Jussila). Therefore, this Court converts Jussila's motion to dismiss into a motion for summary judgment. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); see also McAuley v. Federal Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007) ("We have previously held that 'Rule 12(b)(6) itself provides that when matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.' Such 'matters outside the pleadings' include both statements of counsel at oral argument raising new facts not alleged in the pleadings, and 'any written or oral evidence in support of or in opposition to the pleading that provide some substantiation for and does not merely reiterate what is said in the pleadings.'" Gibb v. Scott, 958 F.2d 814, 816 (1992) (quoting 5C Wright & Miller, Federal Practice and Procedure § 1366)) (internal citations omitted)").

**C.    Discussion**

Jussila asserted that Allen's claims regarding the allegedly retaliatory transfer, including the failure to send his medical file to USP-Coleman, should be dismissed

because a matter of law, as Allen failed to fully exhaust his administrative remedies. This Court agrees.

Section 1997e(a), which was enacted in 1996 as part of the Prison Litigation Reform Act of 1995, ("the PLRA"), provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This statute requires that prisoners must exhaust all of their available administrative remedies before they can bring a civil rights action based on the conditions of their imprisonment. "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," Porter v. Nussle, 534 U.S. 516, 524, 532 (2002), and regardless of the nature of the claim or the relief the prisoner is seeking. See Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion under the PLRA requires "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) (emphasis added). In other words, "proper exhaustion" of administrative remedies, "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Id. at 90 (quotation and marks omitted). Drawing on the concepts of exhaustion in the context of habeas corpus cases, Woodford stands for the proposition that the exhaustion requirement may not be

7

satisfied by filing an untimely grievance or otherwise procedurally defective appeal. See Woodford, 548 U.S. at 92-93.

As to the purpose of this requirement, the Eighth Circuit has explained:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Johnson v. Jones, 340 F.3d 624, 626-27 (8th Cir. 2003); see also Woodford, 548 U.S. at 89 ("Exhaustion of administrative remedies serves two main purposes. First, exhaustion protects 'administrative agency authority.' Exhaustion gives an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court,' and it discourages 'disregard of [the agency's] procedures.' Second, exhaustion promotes efficiency.") (quotation and citations omitted); Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998) (quoting 141 Cong. Rec. H1472-06, *H1480 (daily ed. Feb. 9, 1995)) ("Congress intended section 1997e(a) to 'curtail the ability of prisoners to bring frivolous and malicious lawsuits by forcing prisoners to exhaust all administrative remedies before bringing suit in Federal court.'"). However, under the PLRA, failure to exhaust the available administrative remedies is an affirmative defense, with the burden of proof falling on defendant, and not a matter of subject matter jurisdiction. Lenz v. Wade, 490 F.3d 991, 993 n. 2 (8th Cir. 2007) (citing

Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 919-922, 166 L.Ed.2d 798 (2007); see also Nixon v. Sanders, No. 06-1013, 2007 WL 2349344 at *1 (8th Cir. Aug. 17, 2007).

If it is established that exhaustion of administrative remedies did not occur prior to filing of the suit, both the Supreme Court and Eighth Circuit have made it clear that dismissal is mandatory. Jones, 549 U.S. at 211 ("[t]here is no question that exhaustion [of administrative remedies] is mandatory under the PLRA and that unexhausted claims cannot be brought in court"); Woodford, 548 U.S. at 85 ("[e]xhaustion is no longer left to the discretion of the district court, but is mandatory"); Johnson, 340 F.3d at 627-28 (finding that if a prisoner does not exhaust his administrative remedies before filing a complaint in federal court, "dismissal is mandatory," and even if a prisoner subsequently satisfies the exhaustion requirement while his action is still pending, the case still must be dismissed).

The BOP provides a comprehensive and multi-tier administrative remedy procedure for federal inmates seeking to address grievances relating to their confinement, codified at 28 C.F.R. §§ 542.10 - 542.18. Under the BOP's Administrative Remedy Program, the inmate must first present his concern informally to an appropriate staff member, who must attempt to resolve the concern. See 28 C.F.R. § 542.13(a). If the issue cannot be resolved informally, the inmate must then file an Administrative Remedy Request by submitting a BP-9 form to the staff member designated by the BOP, generally the warden. See 28 C.F.R. §§ 542.14(a). The deadline for submitting the informal resolution and submission of the Administrative Remedy Request is "20 calendar days following the date on which the basis for the Request occurred." Id. If dissatisfied with the warden's response, the inmate may appeal the response to the

Regional Director by filing a BP-10 form within 20 days of the date the warden signs the response. See 28 C.F.R. §542.15(a). If dissatisfied with the Regional Director's response, the inmate must file an appeal with the Office of General Counsel by submitting a BP-11 form within 30 days of the Regional Director's response. Id. At that point, the administrative appeal process is completed and suit can then be brought. Id. Subject to certain exceptions, BOP regulations dictate that the warden must respond to the inmate's initial grievance within 20 calendar days; the Regional Director must respond within 30 calendar days; and the General Counsel must respond within 40 calendar days. See 28 C.F.R. § 542.18; see also Vasquez Decl, ¶ 6 (describing BOP's three-level Administrative Remedy Program).

Allen has supplied the various grievances regarding his medical care that he filed when he was incarcerated at MCF-Oak Park Heights. See Offender Kite Forms dated April 4, 2006, April 11, 2006, April 26, 2006, May 30, 2006, September 25, 2006, October 19, 2006, November 20, 2006, and June 19, 2007, attached as Exhibits to Complaint [Docket No. 4-1]. All of these grievances relate to Allen's medical concerns, and none of them mention a retaliatory transfer or failure to send his medical files to USP-Coleman. Id. Additionally, BOP records showed that of the forty-nine Administrative Remedy Requests that Allen had filed during his federal term of incarceration, Allen submitted one Administrative Remedy Request at the regional level on May 3, 2006, regarding the medical care he received at MCF-Oak Park Heights, to which the BOP's North Central Regional Director responded on June 6, 2006. Vasquez Decl, ¶¶ 8, 9. No Administrative Remedy Requests were filed with the BOP with

respect to his claims of retaliatory transfer or failure to send medical files to USP-Coleman. Id., ¶¶ 11-13.

In reply, Allen stated that when he was transferred back to federal custody from MCF-Oak Park Heights, he was without access to the forms he needed to exhaust the retaliatory transfer and medical record issues he intended to pursue, and that in any event, pursuit of those claims through the federal grievance system would have been useless because federal authorities were not responsible. Pl. Response to Jussila's Motion to Dismiss, p. 14 [Docket No. 87].

Neither explanation by Allen has merit. First, although Allen asserted that he was without access to the forms he needed, he never described the forms he required, the efforts he made to try to obtain the forms, or whether he was actually denied access to the administrative remedy forms by the BOP. It is true that "inmates cannot be held to the exhaustion requirement of the PLRA when prison officials have prevented them from exhausting their administrative remedies." Lyon v. Vande Krol, 305 F.3d 806, 808 (8th Cir. 2002); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) ("a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)."). It is for this reason the Eighth Circuit has excused inmates from complying with an institution's grievance proceedings in two circumstances: "when prison officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005) (internal citations omitted).

This is not a case where Allen was unaware of the grievance procedure or misunderstood it, or where prison officials thwarted his attempts to file a grievance.

Further, Allen's suggestion that he could not file a grievance because he was without access to the forms he needed to exhaust his remedies is insufficient to show that he was prevented from filing a formal grievance. "[A] plaintiff must present some evidence, other than mere conclusory statements, to demonstrate that he was precluded from fully exhausting his administrative remedies." Gisege v. Minnesota Dept. of Corrections, 2007 WL 2892024 at *11 (D.Minn. Sept. 28, 2007). See also Gibson, 431 F.3d at 341 (upholding summary judgment where plaintiffs presented no evidence that any prison official thwarted an attempt to initiate the procedures or that any official made it impossible for them to file grievances); Boyles v. Park, 111 Fed.Appx. 861 (8th Cir. 2004) ("Further, while there was some evidence in the record below about problems with the grievance process, the evidence was not specific enough to show that prison officials had prevented Boyles from administratively exhausting the issues he raised in the instant lawsuit."); Sergent v. Norris, 330 F.3d 1084, 1085-86 (8th Cir. 2003) (per curiam) (finding no evidence in record that inmate was prevented from effectively utilizing grievance procedures). See also Maddix v. Crawford, 216 Fed. Appx. 605, 606 (8th Cir. 2007) (unpublished) (claims properly dismissed for failure to exhaust administrative remedies because record did not support plaintiff's assertion that his attempt to exhaust his claims were thwarted by defendants).

Second, although federal authorities may or may not have been responsible for Allen's medical problems while he was in custody at MCF-Oak Park Heights, the fact is that Allen is claiming that Jussila, a federal employee, was responsible for his alleged retaliatory transfer and the failure to send his medical file to USP-Coleman.

12

Nevertheless, Allen still made no effort to address his concerns about Jussila's conduct with the BOP, much less through the BOP's administrative remedy process.

Upon review of all evidence and exhibits offered by the parties, the Court finds that Allen did not follow the BOP's multi-tier administrative remedy process, and therefore, did not exhaust the administrative remedies against Jussila concerning his alleged retaliatory transfer and failure to send Allen's medical records to USP-Coleman.

Having determined that Allen has not exhausted all available administrative remedies as to any of his constitutional claims against Jussila, this action must be dismissed. The only remaining issue for this Court to consider is whether the action should be dismissed with or without prejudice. Prior to Woodford, when a case was dismissed pursuant to 42 U.S.C. § 1997e(a) because of the inmate's failure to exhaust administrative remedies, it was dismissed without prejudice. See Harris v. Kemna, 155 Fed.Appx. 941 (8th Cir. 2005) (unpublished opinion); Nash v. Lappin, 172 Fed.Appx. 702, 703 (8th Cir. 2006) (unpublished opinion). Based upon their reliance upon Calico Trailer Mfg. Co. v. Ins. Co. of N. Am., 155 F.3d 976, 978 (1998), presumably the assumption underlying Harris and Nash was that operative administrative remedies were still available to the inmate to exhaust.[2] See 42 U.S.C. §1997(e) (prisoner may not bring action under federal law with respect to prison conditions "until such administrative remedies <u>as are available</u> are exhausted") (emphasis added).

---

[2]   In Calico Trailer, the Eighth Circuit stated "[w]here relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." 155 F.3d at 978. Finding that Calico had made no showing "that its unexhausted remedies [were] unavailable or would be futile," the court dismissed the case without prejudice. Id.

Here, because the time has run on Allen's ability to grieve his complaints against Jussila, Woodford makes clear that the remedies are no longer available. The BOP's Administrative Remedy Program applies to all BOP inmates and former inmates for issues that arose during their confinement. See 28 C.F.R. § 542.10(b). Any attempt by Allen to pursue his administrative remedies following dismissal of this suit, are procedurally barred as the various time periods for initiating a claim and appealing a denial have long since past. See 28 C.F.R. §§ 542.14(a) (the deadline for completion of informal resolution and submission of the Administrative Remedy Request is "20 calendar days following the date on which the basis for the Request occurred."); 28 C.F.R. §542.15(a) (If dissatisfied with the warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form within 20 days of the date the warden signs the response, and an appeal of that decision to the Office of General Counsel must take place within 30 days of the Regional Director's response.) Thus, because Allen can no longer exhaust his claims, he has procedurally defaulted on them and his suit is precluded forever and must be dismissed with prejudice. See Woodford, 548 U.S. at 92-93; Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005) (noting the "policies favoring exhaustion," court held that the PLRA contains a procedural default component where an inmate fails to avail himself in a timely fashion of the institution's administrative process); Berry v. Kerik, 366 F.3d 85, 88 (2nd Cir. 2004) ("failure to pursue administrative remedies while they were available precluded [the plaintiff's] federal lawsuits, and they were properly dismissed with prejudice."); Wardrick v. Marberry, NO. CIV.A. 06-216-ERIE, 2007 WL 4180693 at *6 (W.D. Pa. Nov. 20, 2007) ("Plaintiff has failed to exhaust his administrative remedies. In addition, Plaintiff is

14

foreclosed from re-submitting his appeal to the General Counsel's Office because he failed to do so within the required time period. As a result, Plaintiff has procedurally defaulted on his claim and this case should be dismissed"); see also Carini v. Austin, 2008 WL 151555 (S.D.N.Y. Jan. 14, 2008) (dismissed case with prejudice by former inmate where he had ample opportunity to exhaust remedies before he was released).

In summary, in the face of specific evidence that Allen did not follow the required administrative remedy procedure to assert his claims against Jussila, the Court finds that he has failed to exhaust his administrative remedies and his case against Jussila must be dismissed in its entirety with prejudice.

## II. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST JUDY ELLERBUSCH FOR FAILURE TO FILE AN ANSWER TO PLAINTIFF'S COMPLAINT AND, FOR ENTRY OF DEFAULT [DOCKET NO. 75]

Allen moved for default judgment against defendant Judy Ellerbusch pursuant to Rule 55 of the Federal Rules of Civil Procedure, arguing that Ellerbusch had not filed a response to the Complaint. According to Allen, the Complaint was served on Ellerbusch and a response was due in March of 2009. Pl. Mot., p. 2. In response, Ellerbusch submitted she has never been served with the Complaint, and therefore, not only should Allen's motion be denied, but pursuant to Rule 4(m), she must be dismissed for failure to effectuate service within 120 days of filing of the Complaint. Ellerbusch's Opp. Mem., pp. 1-2 [Docket No. 83].

The court docket shows that on February 19, 2009, a Summons in a Civil Case was issued to Ellerbusch at MCF-Oak Park Heights. However, the record also shows that service was never made upon Ellerbusch. See Summons Receipt and Return [Docket No. 34]. The Receipt and Return of that Summons states that the United

States Marshals Service was unable to locate Ellerbusch, and confirmed on June 11, 2009 that Ellerbusch was not employed by the Minnesota Department of Corrections, MCF-Oak Park Heights. Id.

On this record, the Court recommends denial of Allen's motion for default judgment against Ellerbusch.

Additionally, this Court has determined that it lacks personal jurisdiction over Ellerbusch and that she must be dismissed from the suit.[3] "Proper service of process is necessary because,'"[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant.'" Redding v. Hanlon, 2008 WL 762078 at *5 (D.Minn. March 19, 2008) (citing Printed Media Services, Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir.1993), citing Dodco, Inc. v. American Bonding Co., 7 F.3d 1387, 1388 (8th Cir.1993); see Murphy Bros., Inc. v. Michetti Pipe Stringing, 526 U .S. 344, 350 (1999); Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir. 1982); Personalized Brokerage Services, LLC v. Lucius, 2006 WL 2975308 at *1 (D.Minn. Oct. 16, 2006)).

A court may dismiss an action without prejudice if service is not made "within 120 days after the filing of the complaint." Fed.R.Civ.P. 4(m). Pursuant to Rules 4(c) and 4(m), a plaintiff is responsible for service of the Summons and Complaint upon defendant within 120 days after the filing of the Complaint.

---

[3] See Thomas v. Basham, 931 F.2d 521, 523 (8th Cir. 1991) ("jurisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking"); Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985) (when an IFP applicant's complaint does not include any allegations supporting personal jurisdiction, the court may properly conclude, sua sponte, that the action should be summarily dismissed).

Rule 4(e)(1) provides that service of process can be effected upon individuals, "pursuant to the law of the State in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Pursuant to Minnesota law, "a plaintiff may effectively serve a summons and complaint by two methods: personally under Minn. R. Civ. P. 4.03 or acknowledgment by mail under Minn. R. Civ. P. 4.05." Turek v. ASP of Moorhead, Inc., 618 N.W.2d 609, 611 (Minn.App. 2000), rev. denied (Minn. Jan. 26, 2001). However, "[s]ervice of process in a manner not authorized by the rule is ineffective service." Id. (quoting Lundgren v. Green, 592 N.W.2d 888, 890 (Minn.App.1999), rev. denied (Minn. July 28, 1999), quoting in turn, Tullis v. Federated Mutual Ins. Co., 570 N.W.2d 309, 311 (Minn. 1997)). In addition, Allen "has the ultimate burden [of] establishing the validity of service of process." Redding, 2008 WL 762078 at *6 (quoting A.C. ex rel. M.C. v. Ind. School Dist. No. 152, 2006 WL 3227768 at *4 n. 4 (D.Minn. Nov. 7, 2006), citing Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir. 1995)). If a plaintiff has not properly served a defendant, then this Court lacks jurisdiction over the defendant. See Dodco, 7 F.3d at 1388 ("If a defendant is improperly served, the court lacks jurisdiction over the defendant.") (citing Cohen v. Newsweek, Inc., 312 F.2d 76, 77-78 (8th Cir. 1963)).

Here, the Complaint was filed on December 15, 2008. Therefore, the deadline by which to serve the Summons and Complaint on the defendants in this case was April 15, 2008. Although the Court is well aware that Allen is proceeding pro se and is certainly willing to grant him latitude in that respect, to date, more than a year has

passed and Ellerbusch still has not been served. Further, it does not appear that Allen has ever attempted to locate Ellerbusch or to re-serve her, nor has he ever asked this Court to grant him more time to effectuate service on her. Instead, all that Allen has done to address the failure to serve Ellerbusch is to file this motion for default judgment. On this record, the Court concludes that Ellerbusch was never served with the Summons and Complaint and consequently, the Court lacks personal jurisdiction over her. See Hinz, 2004 WL 729239 at *2 ("The Court recognizes that the [Plaintiffs] are proceeding pro se in this matter, and may therefore not fully appreciate the procedural requirements of bringing a lawsuit in federal court. However, the Court is obligated to uphold the rights and protections afforded Defendants when those Defendants are brought before this Court."). Therefore, Ellerbusch must be dismissed from the suit at this time.

### III.    RECOMMENDATION

For the reasons set forth above, and based on all the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Defendant Karen Jussila's Motion to Dismiss, Alternatively for Summary Judgment [Docket No. 21] be GRANTED; and

2. Plaintiff's Complaint with regard to Defendant Karen Jussila be DISMISSED WITH PREJUDICE; and

3. Plaintiff's Motion for Default Judgment Against Judy Ellerbusch for Failure to File an Answer to Plaintiff's Complaint and, for Entry of Default [Docket No. 75] be DENIED.

4. Defendant Judy Ellerbusch be DISMISSED from the suit WITHOUT PREJUDICE.

DATED: February 12, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 26, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.